### FLORIDA ASSOCIATION OF COMMUNITY COLLEGES, et al, v. STATE DEPARTMENT OF EDUCATION, et al.

No. 75-2173-CA.

Circuit Court, Leon County.

December 5, 1975.

Ferguson & Parks, Tallahassee, for the plaintiffs.

Charles E. Miner, Jr., Tallahassee, for the defendant State Board of Education.

HUGH M. TAYLOR, Circuit Judge.

In this action for declaratory judgment, the essential facts are —

Community colleges are financed by state appropriations (about 72% of their total budget) plus funds derived from student fees (increased in 1975), carryover funds from prior appropriations, direct grants, and miscellaneous minor sources of revenue. Funds other than those derived from the 1975 appropriation will be referred to as "secondary funds."

The 1975 Appropriations Act contains the following item —

"Item
325   Grants and Aids
Community Colleges Program Fund ...
"Provided, however, that no employee shall receive a merit increase or any other salary adjustment except in the case of a promotion; provided, however, that the Department of Administration may approve salary adjustments upon request of the Department of Education under emergency circumstances."

Plaintiffs take the position that the quoted proviso cannot preclude community colleges from paying their employees future salaries equal to past salaries by using state-appropriated funds and, at the same time, pay them additional or supplemental amounts from secondary funds, and they seek a declaratory judgment sustaining that position.

They argue that the quoted proviso cannot constitutionally be employed to prevent the payment of this additional compensation from the funds derived from sources other than the 1975 Appropriations Act for three reasons —

1. They say that the proviso cannot be construed as limiting the power (granted by other statutes) to expend secondary funds because to do so would cause it to be invalid by reason of Section 12, Article III, Florida Constitution, which forbids a general appropriation bill containing provisions on other subjects.

2. They say that the proviso constitutes an invalid restriction upon the veto power of the governor in violation of Section 8(a) of Article III of the state constitution.

3. They say that the effort to restrict the expenditure of secondary funds is outside the scope of the title to Chapter 75-280, the 1975 Appropriations Act, and violates Section 6 of Article III of the constitution.

All these arguments are based upon the premise stated by plaintiffs in their brief, as follows —

"The proviso of the Appropriations Act in question goes beyond appropriated funds to reach other funds available to community college districts."

This premise is wholly without foundation. The Appropriations Act does not mention the secondary funds. It does not purport to restrict or control the expenditure of the funds.

What it does is to make an appropriation of state funds upon a clearly expressed condition that the recipients of these funds pay no increased salaries to their employees. The proviso is a condition, limitation or restriction upon the right of the community colleges to receive the appropriations, not upon their right to expend the collateral funds in any manner authorized by law other than the Appropriations Act.

If there were any doubt as to the power of the legislature to put this condition upon the appropriation, it is removed by Section 8

of Article VII of the state constitution, which expressly provides that "state funds may be appropriated to the several counties, school districts, municipalities or special districts upon such conditions as may be provided by general law." The general appropriations act is certainly a general law. The opinion of the justices to former Governor Kirk found in 239 So. 2d 1 clearly mandates the conclusions here announced.

While it is obvious that the community colleges cannot operate without the state appropriation and the practical effect of this judgment will be to prevent the use of secondary funds to increase salaries, that does not render invalid the condition placed upon the state appropriation. It is clearly within the legislative prerogative to make a prohibition against increased salaries a condition precedent to the receipt of state funds used largely to pay salaries.

It is therefore adjudged — (1.) The proviso contained in Item 325, Section 1, Chapter 72-250, Laws of Florida, is a valid and binding condition precedent to any community college receiving any of the funds appropriated by that item, and (2.) Plaintiffs' prayer for injunction restraining enforcement of that proviso is denied.